UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLIE J. BARBER, II,          )
                               )
          Plaintiff,           )
                               )
v.                             )          CASE NO. 2:15-cv-954-WKW
                               )          [wo]
CELLCO PARTNERSHIP d/b/a,      )
VERIZON WIRELESS               )
                               )
          Defendant.           )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, entered January 6, 2016).   Pending before the Court is Defendant's *Motion to Dismiss* (Doc. 10, filed 2/12/16), Plaintiff's response (Doc. 12, filed 3/18/16), Defendant's reply (Doc. 13, filed 3/25/16), and Plaintiff's surreply (Doc. 14, filed 4/4/16).   As such the motion is fully briefed and ripe for this court's review.   For the reasons detailed below, the undersigned recommends (a) the motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(3) be denied; (b) the case be transferred to the appropriate venue in the Northern District of Alabama – Northeastern Division pursuant to 28 U.S.C. § 1404(a); and (c) any remaining motions including the remaining portion of the motion to dismiss for 12(b)(6) remain pending for the determination of the court in Northern District of Alabama.

### I.   BACKGROUND

This pro se complaint was filed by the plaintiff, Charlie J. Barber, II ("Plaintiff" or "Barber") on December 29, 2015.   *See* Doc. 1.   Plaintiff indicates that he resides in Huntsville, Alabama which is in Madison County and part the Northern District of Alabama (Northeastern

Division).  He sues Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Cellco") for employment discrimination.  Defendant's has a business located in Huntsville, Alabama, though they assert their principal place of business is in Basking Ridge, NJ.  *See* Doc. 10, ¶ 3, n. 1.

Plaintiff asserts a failure to promote, failure to accommodate, and denial of worker's compensation. Plaintiff claims he sustained a workplace injury which resulted in him taking several months of leave under the Family Medical Leave Act ("FMLA").   Plaintiff avers he was passed over for promotion while on leave while other persons not disabled have been promoted. *See* Doc. 1 at ¶ 9.   He indicates this "goes against the ADA standards."   Plaintiff uses a standard EEOC complaint template provided on the Middle District of Alabama's website at https://www.almd.uscourts.gov.   The complaint pre-fills a number of items including paragraph 3 which states "This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination.   Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5.   Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g)."   Plaintiff lists his factual allegations in paragraph 9 listed verbatim here:

> I was performing job functions above and beyond my scope of pay and was promised a promotion.   I went out on FMLA in May 2014 due ongoing issues with my back from an injury sustained at the workplace.   When I returned to work in August 2014 from FMLA, I wasn't informed that there was a promotion, but I found out from speaking with another co-worker in which I trained that he had been promoted to an EUS II.   I inquired with Todd Schumacher as to why I wasn't promoted and he stated that I didn't complete my Cisco IP phone project completely of removing cables from up under the desk in the call center.   I informed Todd Schumacher once again that I had back and hip issues and he knew of such issues, thus the reason that I was unable to complete the task assigned.   I informed him that I also asked co-workers to complete the assignment to no avail.   I informed Todd Schumacher of this injury and he stated that I still needed to get this completed.   I then initiated contact with Todd's manager, Mr. Michael Dohar, who stated that he supports Todd's decision, since he's my direct line supervisor and he knows more about what I've been doing then he does.   I informed Mr. Dohar, that everything he's been told was not the Truth, due to the fact that we were

being told two different things.   In conclusion, I was denied promotion twice due to my Disability and not being able to remove cables, which goes against ADA standards.

*See* Doc. 1 at ¶ 9.   Plaintiff seeks recovery of back pay and reinstatement.   *Id*. at ¶ 12.

## II.   JURISDICTION

Defendant challenges jurisdiction and venue in its motion to dismiss.   Specifically, Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), (b)(3) (improper venue), and (b)(6) (failure to state a claim upon which relief can be granted).

## III.   STANDARDS OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv*., 297 Fed. Appx 863, 864 (11th Cir. 2008).   Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

Further, it is important to note there are four potential standards of review at issue: Rule 12(b)(1) facial attack, Rule 12(b)(1) factual attack, Rule 12(b)(3), and Rule12(b)(6).

**A.      Federal Rule of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000).   The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction.   *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L.Ed. 951 (1942)).   A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually.   *Makro v. Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.   *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n. 5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).   "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion -- the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (The Court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing a Rule 12(b)(6) review.).   The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits."   *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).   "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."   *Id*. at 1206.   When

discussing exhibits on a facial attack, the Court may consider exhibits attached to the complaint as well as those attached to a motion to dismiss.  *Lawrence v. United States*, 597 Fed. Appx. 599, 602 (11th Cir. 2015).   Exhibits attached to the complaint are considered part of the complaint for all purposes.  *Id*.   Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings."  *Morrison*, 323 F.3d at 925.   On a Rule 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.  *Lawrence*, 919 F.2d at 1529.   Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits."  *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n. 5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997).   The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations."  *Makro*, 543 F.3d at 1528 (internal quotations omitted); *see also Willett v. United States*, 24 F.Supp.3d 1167, 1173 (M.D. Ala. 2014) (stating same).   In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction."  *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action."  *Lawrence*, 919 F.2d at 1529.   The Eleventh Circuit has specifically cautioned district courts "should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*."

*Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotations omitted and emphasis in original).

## B.    Federal Rule of Civil Procedure 12(b)(3) – Improper Venue

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may assert a defense of improper venue by motion.   Pursuant to § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."   28 U.S.C. § 1406(a).   The plaintiff carries the burden of showing that venue is proper in the chosen forum once the defendant contests venue under Rule 12(b)(3).   *Pritchett v. Paschall Truck Lines, Inc.*, 714 F.Supp.2d 1171, 1174 (M.D. Ala. 2010).

When reviewing a challenge to venue, the Court accepts the allegations of the complaint "as true, to the extent they are uncontroverted by defendants' affidavits."   *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988); *see also Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012) (stating same).   The Court "may make factual findings necessary to resolve motions to dismiss for improper venue," so long as the resolution of the factual disputes is not an adjudication on the merits of the case.   *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).   A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.   *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261,

1268 (S.D. Fla. 2004). "Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra*, 695 F.3d at 1239.

## C.      Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as

true).[1]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S. Ct. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S. Ct. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 561, 127 S. Ct. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## IV.   DISCUSSION AND ANALYSIS

### A.   Subject Matter Jurisdiction

The Court must first consider whether it has subject matter jurisdiction over this case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (stating that where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."). Defendant argues this

---

[1]    In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

court lacks subject matter jurisdiction.   Defendant never denominates whether it makes a facial or factual attack under Rule 12(b)(1). Regardless of whether the Defendants assert a facial or factual attack, the Court is satisfied that it has subject matter jurisdiction.

Putting aside the issue of whether Plaintiff asserted a claim under Title VII or the ADA, it is clear Defendant's argument fails.   "The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (quoting *Dime Coal Co. v. Combs*, 796 F.2d 394, 396 (11th Cir. 1986)); *see also Bell v. HCR Manor Care Facility of Winter Park*, 432 Fed. Appx. 908, 909 (11th Cir. 2011) (quoting *McGinnis*).   "Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case."   *McGinnis*, 918 F.2d at 1494 (internal quotations and citations omitted).

A complaint by a *pro se* plaintiff is read more liberally than one drafted by attorneys. *Osahar*, 297 Fed. Appx at 864.   However, in this case, the Court finds it unnecessary to read the complaint liberally as the claims are clear on its face.   The Plaintiff used the EEOC complaint template from the Middle District of Alabama's website.   The template in paragraph 3 automatically fills in the citation to Title VII.   Unfortunately, the template lacks means to cite various other discrimination statutes which arise pursuant to an EEOC right to sue letter.   In sum, paragraph 3 does not provide the opportunity for the Plaintiff to select an appropriate applicable

statute.   One could argue that the Plaintiff did have the opportunity to cross through Title VII, however, the Court is loath to push that burden onto a *pro se* plaintiff.   Further, in paragraphs 6 and 9, Plaintiff makes it abundantly clear that he brings his suit pursuant to the Americans with Disabilities Act of 1990 ("ADA").   Though Plaintiff does not spell it out or cite to the statute 42 U.S.C. § 12181, *et seq*, he does reference "ADA standards" and "discrimination due to disability." *See* Doc. 1, ¶6, 9.   Regardless, both Title VII and ADA confer federal question jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).   Defendant's argument is better suited for an argument under Fed. R. Civ. P. 12(b)(6), which the Court will address after considering venue.   Consequently, the Court has subject-matter jurisdiction and Defendant's request to dismiss under Rule 12(b)(1) fails.

**B.** **Venue**

Courts determine whether venue for a civil action is proper under 28 U.S.C. § 1391 *except as otherwise provided by law*.   28 U.S.C. § 1391(b) (emphasis added).   The Court determines the complaint to be clear in that it asserts claims pursuant to the ADA.   On the complaint's face, the only reference to Title VII is in the pre-filled paragraph 3 which references Title VII.   The remaining portions completed by the Plaintiff all reference the ADA.   However, further complicating the issue, in his response to the motion to dismiss, Plaintiff states he brings claims pursuant to Title VII <u>and</u> the ADA.   *See* Doc. 12, p. 3.

The Court notes that Defendant argues Plaintiff's claims fail as they only reference Title VII.   However, if that were to be the case, Defendant's venue argument also fails as they cite to the wrong venue statute for Title VII and ADA cases as Defendant relies upon the general venue provision from 28 U.S.C. § 1391.   As emphasized above, the general venue statute may be preempted by other laws.   Thus, regardless of whether the claim is construed as a Title VII or

ADA claim, venue is appropriate in the Middle District of Alabama based on the applicable venue provision.

Title VII includes its own venue provision, 42 U.S.C. § 2000e-5(f)(3), which supersedes the general venue provision of § 1391. *See Pinson v. Rumsfeld*, 192 Fed. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases."). Title VII's venue provision states:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. §2000e-5(f)(3). Put more simply, in a Title VII case, venue is proper when: (1) in any district court in a state where the alleged Title VII violation occurred; (2) in the judicial district where the employment records that pertain to the alleged Title VII violation are maintained; (3) in the judicial district where plaintiff would have worked had there been no Title VII violation; and, if none of the previous three conditions exist, (4) in the judicial district where the defendant's principal office is located. As such, Defendant's analysis under the general provision would fail if this Court construed a Title VII claim from the Plaintiff's complaint. Under the Title VII venue provision, the Middle District of Alabama would be a proper venue as it is a district court in the state of Alabama which encompasses the geographic area where there alleged Title VII violation took place.

Venue for claims brought under the Americans with Disabilities Act is governed by the same factors as a Title VII claim. *See* 42 U.S.C. § 12117(a) ("The powers, remedies, and

procedures set forth in section[ ] 2000e–5 ... shall be the powers, remedies, and procedures this subchapter provides ... to any person alleging discrimination on the basis of disability in violation of any provision of this chapter ...."); *see also Rembert v. Brennan*, 2015 U.S. Dist. LEXIS 126801 (N.D. Fla. 2015) (citing § 12117; *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013); *Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 184-85 (E.D. Tex. 1996).   Therefore, as with a Title VII claim, venue is appropriate in any of the district courts located in the state of Alabama.

28 U.S.C. § 1404(a) allows a court to change the venue and states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   *See also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (citing § 1401(a)). The factors a court may consider include: (1) the plaintiff's choice of forum; (2) availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the location of counsel: (6) the relative congestion of the courts' dockets; (7) accessibility of the premises to jury view; (8) relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (9) the time, cost, and ease in which the trial can be conducted, and all other practical considerations relative to the trial."   *Lindloff*, 950 F.Supp. at 185 (citing *Fletcher v. Southern Pac. Transp. Co.*, 648 F. Supp. 1400, 1401 (E.D. Tex. 1986) (collecting authorities)).   Lastly, "[d]istrict courts have broad discretion in deciding whether to transfer an action to a more convenient forum."   *A.J. Taft Coal Co. v. Barnhart*, 291 F.Supp.2d 1290, 1307 (N.D. Ala. 2003) (citation omitted); *see also England v. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988) ("Trial judges are permitted a broad discretion in weighing the conflicting arguments as

to venue").

### i.      Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally entitled to deference.   The balance of convenience or interest of justice must clearly preponderate against this choice to justify a transfer under § 1404(a).   "However, where none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration."   *Fletcher v. Southern Pacific Transp. Co.*, 648 F.Supp. 1400, 1404 (E.D. Tex. 1986) (citing *Morgan v. Illinois Central Ry. Co.*, 161 F. Supp. 119, 120 (S.D. Tex. 1958)).   In the case at hand, Plaintiff's allegations occurred in Huntsville, Alabama and both Plaintiff and Defendant are located in Huntsville, Alabama.   Thus, most if not all the operative facts occurred in Huntsville which is located in the Northern District of Alabama.   The Northern District of Alabama satisfies the venue provisions of Title VII and the ADA.   Therefore, Plaintiff's original choice of forum is given reduced significance.

### ii.      Compulsory Process

Fed. R. Civ. P. 45(c) contains a 100-mile limit on the court's subpoena power over witnesses outside the district.   While that limit is expanded to the entirety of the state for a party or party's officer (Fed. R. Civ. P. 45(c)(1)(B), given Plaintiff's allegations, it is likely that Cellco employees would be necessary witnesses to prove or disprove discrimination against the Plaintiff. Huntsville, Alabama is approximately 190 miles from the courthouse in the Middle District of Alabama – Northern Division.   Even assuming a small variance, the interests of justice would preponderate in favor of the federal courthouse located in Huntsville, Alabama.

### iii.      Cost of Obtaining Attendance of Witnesses

Though the complaint does specifically state the location of the identified witnesses (Todd

Schumacher, Michael Dohar), the Court infers that given they work for Defendant and supervised the Plaintiff, they reside and work in or near Huntsville.   The cost of obtaining the attendance of those witnesses in Huntsville would be less than if the trial were conducted in Montgomery. Thus, this factor favors the transfer of this case to Huntsville.

### iv.   Accessibility to and Location of Sources of Proof

Neither Plaintiff nor Defendant indicate the location of documents or records that would be used in this case. The court infers, however, that the records are more likely to be kept at Defendant's Huntsville facility than in Montgomery or in any another location in the Middle District of Alabama. Thus, this factor would seem to favor a transfer.

### v.   Location of Counsel

Plaintiff proceeds *pro se* and resides in Huntsville, Alabama.   Defense counsel is located in Birmingham, Alabama.   The distance for defense counsel to travel is only about a 20-mile difference, but Montgomery, Alabama is closer.   Further, while the travel is considerably farther for Plaintiff, as he chose this forum and contests the motion to dismiss, this factor favors leaving the case in the Middle District of Alabama.

### vi.   Relative Congestion of the Courts' Dockets

This Court is not specifically aware of the status of the docket in Huntsville and cannot make any definitive statements as to its level of congestion.   However, at present, the Middle District of Alabama has been classified as a judicial emergency district with only one active District Judge for a three-judge court.   As a result, the Court is managing its caseload as best as possible, but ultimately cases will not be addressed as swiftly as the parties, counsel, and even court would prefer.   Therefore, this factor favors transfer.

### vii.    Accessibility of the Premises to Jury View

At this stage of the litigation the court cannot determine whether the accessibility of the premises to jury view will be a factor in this case. Conversely, the Court also cannot speculate that it would not be a factor in the future. For the sake of prudence, the Court recognizes that the location where the alleged violations occurred is geographically closer to Huntsville court than to Montgomery. Therefore, this factor favors the transfer to Huntsville.

### viii.    Community's Nexus to the Lawsuit

Defendant's alleged discrimination took place in Huntsville and has no connection whatsoever with the Middle District of Alabama. All of the operative facts occurred in Madison County and the citizens of that county would have a strong interest in correcting an alleged wrong in their community. Consequently, this factor also favors transferring the case to Huntsville.

### ix.    Practical Considerations

This final catch-all factor takes into consideration logistics, costs, and the practicality of having a trial in a particular location. As with the majority of the prior factors, given the location of the premises, witnesses, and even the Plaintiff himself, the evidence for this factor preponderates in favor of transfer.

Balancing all the above factors, the Court is of the opinion that this case should be transferred pursuant to 28 U.S.C. § 1404(a) to the Northeastern Division (Huntsville) of the Northern District of Alabama.

## C.    Failure to State a Claim

As previously noted, the Court found that Plaintiff's ADA claim listed in his complaint was clear. However, his response to the motion to dismiss now makes it unclear whether he asserts a Title VII claim in addition to his clearly asserted ADA claim. As previously noted, the template

provided by the Middle District of Alabama gave rise to some of the issues as paragraph 3 was inarticulate as to non-Title VII EEOC discrimination suits.   As this Court has already determined that a transfer of venue is appropriate, the ruling on the 12(b)(6) motion to dismiss the Title VII claim is appropriately deferred for the consideration by the Northern District of Alabama such that the newly assigned court shall determine whether an amended complaint is necessary or appropriate.

## V.   CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

(1) The Defendant's Motion to Dismiss (Doc. 10) be **DENIED** as to the arguments under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(3);

(2) The case be transferred to the Northern District of Alabama – Northeastern Division pursuant to 28 U.S.C.§ 1404(a); and

(3) The motion under Fed. R. Civ. P. 12(b)(6) shall be held in abeyance pending transfer to the Northern District of Alabama – Northeastern Division.

Additionally, it is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **May 4, 2016.**   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.   Frivolous, conclusive, or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the

report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 20th day of April, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE